IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01791-PAB

GURIKMAN SINGH,

      Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center,
TODD LYONS, Acting Director of  U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, Acting Attorney General of the United States, in their official capacities,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Gurikman Singh's Verified Petition for Writ of Habeas Corpus [Docket No. 1] and Motion for Temporary Restraining Order [Docket No. 2].  Respondents filed a response.  Docket No. 8.

## I.    BACKGROUND[1]

Petitioner is a native and citizen of India who entered the United States without inspection on or about October 15, 2023.  Docket No. 1 at 8, ¶ 31.  Petitioner was issued an Order of Release on Recognizance.  *Id.* at 8-9, ¶ 32.  On or about November 14, 2023, the Department of Homeland Security ("DHS") placed petitioner into removal proceedings.  *Id*. at 9, ¶ 33.  On December 3, 2023, petitioner filed an application for asylum and withholding of removal.  *Id.*, ¶ 34.  On March 7, 2025, petitioner requested a

---

[1] The following facts are undisputed unless otherwise noted.

visa and this petition was approved on July 24, 2025. *Id.*, ¶ 35. However, due to "numerical limitation and current visa backlog under 8 U.S.C. § 1153(b)(4)," petitioner is not eligible to apply for a visa or adjustment of his status to Legal Permanent Resident. *Id.* On April 9, 2026, at a check-in with Immigration and Customs Enforcement ("ICE"), petitioner was placed into custody. *Id.*, ¶ 36.

On April 28, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See id.* Petitioner brings claims alleging a violation of his right to substantive due process under the Fifth Amendment (Count I); a violation of his right to procedural due process under the Fifth Amendment (Count II); for unlawful arrest pursuant to the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 287.3(d) (Count III); and a violation of the Immigration and Nationality Act ("INA") (Count IV). *Id.* at 10-19. Petitioner requests, among other things, that the Court order petitioner's immediate release or that respondents provide petitioner with a bond hearing. *See id.* at 19-20.

## II.     ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *See id.* at 17-19; Docket No. 8 at 2-4. Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a), and not § 1225(b)(2), because he has been "present and residing in the U.S. for more than two years and is not subject to any mandatory detention provisions under 1226(c)." Docket No. 1 at 18, ¶ 70. Because he believes that § 1226(a) applies, petitioner argues that respondents must provide him with a bond hearing. *See id.* at 19, ¶ 72. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are

present in the United States without being admitted or paroled.  Docket No. 8 at 2-4.

Respondents claim that petitioner is therefore not entitled to a bond hearing and is

subject to mandatory detention.  *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies

to petitioners who were detained when already present in the United States without

inspection and who face removal proceedings.  *See Moncada-Hernandez v. Trump*, No.

26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *Garcia-Perez v.*

*Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026);

*Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo.

Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at

*1-4 (D. Colo. Dec. 18, 2025).  The Court has ruled that the petitioner's detention is

governed by § 1226.  *Id.*

Respondents identify no reasons why this case differs from the previous cases

the Court has already ruled on.  *See generally* Docket No. 8.  The Court finds no

distinguishing material facts between this case and *Alfaro Orellana*.  Thus, the Court will

grant the habeas petition for the same reasons it did in *Alfaro Orellana*.  Because there

is no evidence that petitioner has been provided a bond hearing, his current detention

violates § 1226(a).  The Court will grant the habeas petition on Count IV and order

respondents to provide petitioner a bond hearing[2] within seven days of the date of this order.[3]

### III.   CONCLUSION

Therefore, it is

**ORDERED** that petitioner Gurikman Singh's Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It Is further

**ORDERED** that petitioner Gurikman Singh's Motion for Temporary Restraining Order [Docket No. 2] is **DENIED as moot**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the

---

[2] Rather than order petitioner's release, the Court will order respondents to provide petitioner a bond hearing.  *See Loa Caballero v. Baltazar,* No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) ("The Court finds that an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court.").  Petitioner requests an "[o]rder that Respondents cannot re-detain Petitioner without notice and a pre-deprivation hearing before this Court where the government bears the burden of justifying re-detention by clear and convincing evidence."  Docket No. 1 at 20.  The Court find that petitioner has not clearly established the necessity of granting this injunctive relief.  *See De La Cruz v. Baltazar*, 2026 WL 439217, at *5 (D. Colo. Feb. 17, 2026).

[3] Because the Court will grant the habeas petition on the basis of petitioner's INA § 1226(a) claim, it will not reach petitioner's remaining claims and requests for relief. *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado. *See* Docket No. 1 at 20.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

government shall bear the burden of proving that petitioner's continued detention is justified.[4]  It is further

ORDERED that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED May 22, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[4] The burden of proof at the bond hearing will be on the government.  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) ("the weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing") (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").