IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01791-PAB

GURIKMAN SINGH,

      Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center,
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, Acting Attorney General of the United States, in their official capacities,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Gurikman Singh's Motion to Enforce this Court's May 26th Order and for Immediate Release or, in the Alternative, for a New Individualized Bond Hearing, Compliant with this Court's Order [Docket No. 19]. Respondents filed a response. Docket No. 21. Petitioner filed a reply. Docket No. 22.

## I.    BACKGROUND[1]

Petitioner is a native and citizen of India who entered the United States without inspection on or about October 15, 2023. Docket No. 1 at 8, ¶ 31. Petitioner was issued an Order of Release on Recognizance ("ORR"). *Id.* at 8-9, ¶ 32. On or about November 14, 2023, the Department of Homeland Security ("DHS") placed petitioner

---

[1] The following facts are undisputed unless otherwise noted.

into removal proceedings.  *Id.* at 9, ¶ 33.  On December 3, 2023, petitioner filed an application for asylum and withholding of removal.  *Id.*, ¶ 34.  On March 7, 2025, petitioner requested a visa and this petition was approved on July 24, 2025.  *Id.*, ¶ 35. However, due to "numerical limitation and current visa backlog under 8 U.S.C. § 1153(b)(4)," petitioner is not eligible to apply for a visa or adjustment of his status to Legal Permanent Resident.  *Id.*  On April 9, 2026, at a check-in with Immigration and Customs Enforcement ("ICE"), petitioner was placed into custody.  *Id.*, ¶ 36.

On April 28, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  *See id.*  On May 22, 2026, the Court granted the petition, ordering respondents to provide petitioner a bond hearing, where the government shall bear the burden of proving that petitioner's continued detention is justified.  Docket No. 9 at 4-5. On June 3, 2026, the respondents filed a status report stating that an immigration judge denied petitioner release on bond.  Docket No. 10.

## II.    ANALYSIS

Title 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  8 U.S.C. § 1226(e).  However, "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated."  *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010).

Petitioner argues that the immigration judge erroneously concluded that he is a flight risk.  *See* Docket No. 19 at 5-6.  Petitioner contends that the immigration judge "acknowledged but mischaracterized: ties to U.S. citizen family members; stable employment history; community support letters; and three years of continuous residence; no prior failures to appear; and no prior removal orders."  *Id.* at 6.  Petitioner argues that respondents "proffered no competent, substantive, or material evidence in support of its allegation that the petitioner is a flight risk" and that the immigration judge's reliance on "unsupported assertion #15 ATD violations [ ] without an explication of what the purported violations were" was improper.  *Id.*  Finally, petitioner argues that the immigration judge erred in her analysis of petitioner's pending application for asylum.  *See id.* at 7-10.

Petitioner fails to show that the immigration judge misapplied the burden of proof. Rather, petitioner asks the Court to reweigh evidence presented at the bond hearing, in violation of § 1226(e), and find that petitioner should be released on bond.  This the Court will not do.  Thus, petitioner fails to show that respondents did not comply with the Court's June 3 Order.  The Court will deny petitioner's motion to enforce.  *See Jovel v. Noem*, 2026 WL 1430041, at *2 (D.N.M. May 21, 2026) (denying petitioner's motion to enforce where "[t]he record demonstrates that the IJ applied the burden-shifting framework required by this Court's prior order"); *Tepehua-Tlapaltotoli v. Noem*, 2026 WL 766073, at *2 (D.N.M. Mar. 18, 2026) ("Nothing in the recording demonstrates that the IJ failed to apply that burden-shifting framework. . . .  This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures were followed.").

III.    CONCLUSION

Therefore, it is

**ORDERED** that petitioner Gurikman Singh's Motion to Enforce this Court's May 26th Order and for Immediate Release or, in the Alternative, for a New Individualized Bond Hearing, Compliant with this Court's Order [Docket No. 19] is **DENIED.**  It is further

**ORDERED** that this case is closed.

DATED July 21, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge