IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01791-PAB

GURIKMAN SINGH,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center,
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, Acting Attorney General of the United States, in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Gurikman Singh's Motion for this Court to Rule on Claim Thirty-Seven on the Fully Briefed and Granted Habeas Corpus Petition, and for the Remedy of Immediate Release [Docket No. 25]. Respondents filed a response. Docket No. 28. Petitioner filed a reply. Docket No. 29.

## I. BACKGROUND[1]

Petitioner is a native and citizen of India who entered the United States without inspection on or about October 15, 2023. Docket No. 1 at 8, ¶ 31. Petitioner was issued an Order of Release on Recognizance. *Id.* at 8-9, ¶ 32. On or about November 14, 2023, the Department of Homeland Security ("DHS") placed petitioner into removal proceedings. *Id.* at 9, ¶ 33. On December 3, 2023, petitioner filed an application for

[1] The following facts are undisputed unless otherwise noted.

asylum and withholding of removal. *Id.*, ¶ 34. On March 7, 2025, petitioner requested a visa, which was approved on July 24, 2025. *Id.*, ¶ 35. However, due to "numerical limitation and current visa backlog under 8 U.S.C. § 1153(b)(4)," petitioner is not eligible to apply for a visa or adjustment of his status to Legal Permanent Resident. *Id.* On April 9, 2026, at a check-in with Immigration and Customs Enforcement ("ICE"), petitioner was placed into custody. *Id.*, ¶ 36.

On April 28, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See generally id.* On May 22, 2026, the Court granted the petition, ordering respondents to provide petitioner a bond hearing. Docket No. 9 at 5. On June 25, 2026, petitioner filed a motion to enforce the Court's May 22, 2026 order, informing the Court that the immigration judge had denied bond and asking that the Court grant petitioner's immediate release. *See* Docket No. 19 at 2-3. Petitioner argued that the evidence relied upon by the immigration judge was insufficient and that the immigration judge's finding regarding petitioner's flight risk. *See id.* On July 21, 2026, the Court denied petitioner's motion. Docket No. 23 at 4. On August 24, 2026, petitioner filed a motion asking the Court to rule on his claim that he was not arrested pursuant to a warrant. *See generally* Docket No. 25.

## II. ANALYSIS

In *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1249 (10th Cir. 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. Petitioner is undergoing removal proceedings and was detained in the interior of the United States. Thus, his detention is governed by § 1226(a).

Section 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Petitioner contends that, "[u]pon information and belief, there was never any arrest warrant and as such Petitioner was arrested unlawfully without a warrant." Docket No. 25 at 4. Petitioner challenges respondents' representation that petitioner was arrested pursuant to a Form I-200 Warrant for Arrest because such warrant was never submitted. *See id.* Respondents respond that, "[o]n April 9, 2026, ICE served Petitioner with a warrant that sets forth the basis for the probable cause determination in his case" and attaches the I-200 Warrant as Exhibit A. Docket No. 28 at 2.

Petitioner was arrested on April 9, 2026. Docket No. 1 at 9-10, ¶ 36. The I-200 Warrant is also dated April 9, 2026. Docket No. 28-1. The court in *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1226 (D. Colo. 2025), "rejected the notion that an I-200 warrant issued either after or concurrent with an arrest without an assessment of individual flight risk transforms an unlawful warrantless arrest into a lawful, warranted one." (citations omitted). Based on the date of the I-200 Warrant, it appears that the I-200 Warrant was issued either concurrently or after petitioner's arrest. Respondents provide no evidence to the contrary. Thus, petitioner was not arrested pursuant to a valid warrant. *See Jorge A.-G. v.* Bondi, 2026 WL 444682, at *2 (D. Minn. Feb. 17, 2026) (finding that the I-200 Warrant was invalid and ordering petitioner's release where the "attached warrant is dated February 10, 2026, the same day as [petitioner's] arrest, but absent a time-stamp or any explanatory declaration testimony, there is no indication whether the warrant was issued prior to, or after, [petitioner's] arrest"); *Lazarte v.*

*Venturella*, 2026 WL 2581945, at *3 (N.D.N.Y. Sept. 1, 2026) ("As petitioner points out, the Form I-200 identifies no time of issuance, and respondents have submitted no evidence establishing that the warrant preceded petitioner's arrest. Thus, although the record contains an I-200 bearing the date of petitioner's arrest, the Court cannot conclude from the present submissions that a warrant satisfying § 1226(a) existed at the time of that arrest.") (internal citation omitted).[2]

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,

[2] Moreover, there is evidence that respondents failed to properly serve petitioner with the I-200 Warrant. The I-200 Warrant says that petitioner was served with the warrant on April 9, 2026 where the contents of the notice were read to him in English, but that no interpreter was provided. Docket No. 28-1. Petitioner represents that he has a poor proficiency in English and requires the services of a Punjabi-English interpreter. *See* Docket No. 29 at 3.

> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket Nos. 8, 28. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner and that petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Vo. v. Baltazar*, 26-cv-02626-NYW, 2026 WL 1998578, at *4 (D. Colo. July 10, 2026) ("the Court respectfully disagrees that a bond hearing is an appropriate remedy when a

petitioner is detained without the warrant required by § 1226(a)”); *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner’s released based on “a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required”) (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant,* 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted sub nom.*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). “[W]hen DHS cannot meet the statute’s requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy.” *Morelos Valdovinos* 2026 WL 948285, at *7. Accordingly, the Court will order petitioner’s release.

## III. CONCLUSION

Therefore, it is

**ORDERED** that Gurikman Singh’s Motion for this Court to Rule on Claim Thirty-Seven on the Fully Briefed and Granted Habeas Corpus Petition, and for the Remedy of Immediate Release [Docket No. 25] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner Gurikman Singh within **48 hours**. It is further

**ORDERED** that the parties shall file a status report within **4 days** of petitioner’s release.

DATED September 9, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge